**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **JANIO ALEXANDER HERRERA CANAR,**<br><br>**Petitioner,**<br><br>**v.**<br><br>**WARDEN, ELIZABETH CONTRACT DETENTION FACILITY,**<br><br>**Respondent.** | **Case No. 26–cv–12410–ESK**<br><br>**OPINION AND ORDER** |

**THIS MATTER** is before the Court on petitioner Janio Alexander Herrera Canar's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Petition). (ECF No. 1.)

1. Petitioner is a citizen of Ecuador. (ECF No. 1–2.) He entered the United States on or about September 12, 2021. (ECF No. 1 ¶ 8.)

2. The Department of Homeland Security (Department) arrested and detained petitioner in the Elizabeth Contract Detention Facility on September 19, 2026. (*Id.* ¶¶ 6, 18.)

3. This Petition followed on September 20, 2026.

4. Petitioner had a bond hearing before an immigration judge in Elizabeth on September 24, 2026 pursuant to 8 U.S.C. § 1226(a). (ECF No. 8–1 p. 1.) The immigration judge concluded petitioner was a flight risk and denied bond. (*Id.*)

5. Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

6. "Respondents unquestionably possess the authority to detain non-citizens during removal proceedings when Congress has authorized them to do so under § 1226(a)." *Zheng v. Rokosky*, 826 F. Supp. 3d 545, 554 (D.N.J. 2026).

7. "[T]he creation of statutory rights associated with a given immigration status falls exclusively within the purview of Congress ... ." *Osorio-Martinez v. Att'y Gen. United States of Am.*, 893 F.3d 153, 172 (3d Cir. 2018). Section 1226 and its implementing regulations require ICE to "provide detainees with a 'prompt bond hearing.'" *Zheng*, 826 F. Supp. 3d at 554 (quoting *Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 278 (3d Cir. 2018)). "Not only do the statute and federal regulations require a bond hearing, the Constitution does as well." *Id.*

8. Petitioner had a bond hearing before an immigration judge and has the right to file an appeal with the Board of Immigration Appeals. (ECF No. 8–1 p. 2.)

9. "Immigration detainees seeking to invoke this Court's habeas jurisdiction … must exhaust all administrative remedies before they may seek habeas relief in federal court." *Jelani B. v. Anderson*, No. 20–cv–06459, 2020 WL 5560161, at *2 (D.N.J. Sept. 17, 2020) (citing *Duvall v. Elwood*, 336 F.3d 228, 233–34 (3d Cir. 2003)).

10. Petitioner must exhaust his administrative remedies before seeking habeas relief.

Accordingly,

**IT IS** on this **7th** day of **October 2026** **ORDERED** that:

1. Petitioner's § 2241 Petition is **DISMISSED WITHOUT PREJUDICE**.

2. Any restrictions imposed on petitioner's location are **LIFTED**.

3. The Clerk shall **CLOSE** this case.

*/s/ Edward S. Kiel*
**EDWARD S. KIEL**
**UNITED STATES DISTRICT JUDGE**